```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SURE FIT HOME PRODUCTS, LLC et al.,                           :
                                      Plaintiffs,             :
                                                              :       21 Civ. 2169 (LGS)
                -against-                                     :
                                                              :            ORDER
MAYTEX MILLS, INC.,                                           :
                                      Defendant.              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs request (1) this matter be stayed in its entirety pending the Federal Circuit's resolution of their appeal of the May 26, 2021, Opinion and Order (Dkt. No. 54, the "PI Opinion") denying Plaintiffs' request for a preliminary injunction or (2) that discovery be stayed pending that appeal (Dkt. No. 61). Plaintiffs also request leave to file a reply claim construction brief or that Defendant be required to submit the first claim construction brief (Dkt. No. 61). Defendant opposes (Dkt. No. 66).

WHEREAS, the "determination whether to enter a stay pending an interlocutory appeal is within the discretion of the district court." *Ferring B.V. v. Allergan, Inc.*, 343 F. Supp. 3d 284, 291 (S.D.N.Y. 2018) (citing *Nken v. Holder*, 556 U.S. 418 (2009)). Courts consider four factors when determining whether to stay a case during the pendency of an interlocutory appeal: (1) likelihood of success in the appeal; (2) whether the requesting party would be irreparably injured without a stay; (3) whether a stay will substantially injure the other parties interested in the proceedings and (4) the public interests at play. *Id.* "The first two questions–addressing likely success and irreparable harm to the movant–are the most salient concerns." *Id.* (citing *Nken*, 129 S.Ct. at 1761).

WHEREAS, for the reasons set forth in the PI Opinion, Plaintiffs have not shown a likelihood of success on the merits or irreparable harm. Neither party has demonstrated any substantial harm to Defendant in the presence or absence of a stay. The parties have not demonstrated that the public interests at play counsel toward staying this action.

WHEREAS, following the initial pre-trial conference in this matter, the parties agreed that an expedited claim construction schedule was warranted, and the May 20, 2021, Civil Case Management Plan and Scheduling Order (Dkt. No. 53, the "CMP") requires Plaintiffs to submit a claim construction brief, followed by Defendant. Plaintiffs note that under this schedule, they will be unable to respond to Defendant's claim construction arguments, and request (1) that they be permitted a reply brief or (2) that Defendant be required to file the initial claim construction brief. Accordingly, it is hereby

**ORDERED** that Plaintiffs' motion to stay this case or, alternatively, stay discovery pending resolution of its appeal is **denied**. It is further

**ORDERED** that Plaintiffs' motion for a reply claim construction brief is **granted**. A revised CMP will issue in a separate order.

Dated: June 28, 2021
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE