```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SURE FIT HOME PRODUCTS, LLC et al.,                           :
                                          Plaintiffs,         :
                                                              :   21 Civ. 2169 (LGS)
                       -against-                              :
                                                              :        ORDER
MAYTEX MILLS, INC.,                                           :
                                          Defendant.          :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Plaintiffs request Defendant be compelled to produce certain categories of documents prior to the due date for Plaintiffs' opening claim construction brief on its asserted design patent (Dkt. No. 79 sections (a)-(i), Dkt. No. 82). Defendant opposes (Dkt. No. 81).

WHEREAS, when construing the claims of a design patent, the Court's role is to "evaluate the non-functional aspects of the *design* as shown in the *patent*." *Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1342 (Fed. Cir. 2020) (internal quotation marks omitted, emphases added). In making that determination, the Court may evaluate "various features of the claimed design as they relate to the accused design and the prior art." *Id.* (internal quotation marks omitted, emphasis added).

WHEREAS, the majority of the discovery requests at issue concern the cost of the accused products and various of Defendant's other products (Dkt. No. 79 sections (a), (c)-(e), (g)-(i)). While these materials appear relevant to the question of infringement and damages, they are not required for the claim construction inquiry -- whether the *asserted patent* contains functional and non-functional elements. To the extent Plaintiffs argue that they require these materials so that they can evaluate "features of the claimed design as they relate to the accused design,"

*Lanard Toys*, 958 F.3d at 1342, they provide no persuasive argument as to why that information would meaningfully inform the claim construction inquiry. Accordingly, it is hereby

**ORDERED** that Plaintiffs' request for documents relating to the function of prior art shower curtain designs (Dkt. No. 79 section (b)) is **granted**. *See Lanard Toys*, 958 F.3d at 1342. It is further

**ORDERED** that Plaintiffs' request for documents relating to the design of the accused products (Dkt. No. 79 section (f)) is **granted**. *See Lanard Toys*, 958 F.3d at 1342. It is further

**ORDERED** that the claim construction briefing dates set forth in the First Amended Case Management Plan and Scheduling Order (Dkt. No. 72) are **adjourned** *sine die* pending production of these documents. It is further

**ORDERED** that Plaintiffs' remaining requests are **denied** for purposes of claim construction. This Order does not address the relevance of those requests to other issues in this case. It is further

**ORDERED** that by **July 15, 2021**, the parties shall meet and confer and submit a joint letter (1) setting forth their plan for production of the documents directed by this Order and (2) proposing revised dates for claim construction briefing and discovery. A revised case management plan will issue following the parties' letter.

The parties are again reminded of their obligation to meet and confer in good faith pursuant to the Local and Individual Rules.

Dated: July 12, 2021
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**