**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SURE FIT HOME PRODUCTS, LLC, SF HOME DÉCOR, LLC, ZAHNER DESIGN GROUP, LTD., AND HOOKLESS SYSTEMS OF NORTH AMERICA, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> MAYTEX MILLS, INC., <br><br> Defendant. | Case No.: 1:21-cv-02169 (LGS) <br><br> **JOINT [PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS AND ORDER UNDER FED. R. EVID. 502(d)** |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, the parties hereby stipulate to and petition the court to enter the following

Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket

protections on all disclosures or responses to discovery and that the protection it affords from

public disclosure and use extends only to the limited information or items that are entitled to

confidential treatment under the applicable legal principles. The parties further acknowledge that

this Stipulated Protective Order does not entitle them to file confidential information under seal;

Rule 5.2 of the Federal Rules of Civil Procedure, Section 6 of the Southern District's February 1,

2021 ECF Rules and Instructions, and Section D of the Court's February 21, 2021 Individual

Rules and Procedures For Civil Cases, set forth the procedures that must be followed and the

standards that will be applied when a party seeks permission from the court to file material under seal.

2.    DEFINITIONS

2.1.    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2.    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.    Designating Party: a Party or Non-Party that designates information or  items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5.    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  Information or

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8.      House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9.      Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10.     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11.     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12.     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13.     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14.     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.15.     Receiving Party: a Party that receives Disclosure or Discovery Material.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

   5.1.    Exercise of Restraint and Care in Designating Material for Protection.

   Each Party or Non-Party that designates information or items for protection under this

Order must take care to limit any such designation to specific material that qualifies under the

appropriate standards. To the extent it is practical to do so, the Designating Party must designate

for protection only those parts of material, documents, items, or oral or written communications

that qualify – so that other portions of the material, documents, items, or communications for

which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are

shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

unnecessarily encumber or retard the case development process or to impose unnecessary

expenses and burdens on other parties) may expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated

for protection do not qualify for protection at all or do not qualify for the level of protection

initially asserted, that Designating Party must promptly notify all other Parties that it is

withdrawing the mistaken designation.

   5.2.    Manner and Timing of Designations.

   Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a)

below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for

protection under this Order must be clearly so designated before the material is disclosed or

produced.  Designation in conformity with this Order requires:

          (a) for information in documentary form (e.g., paper, or electronic documents, but

excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Party affix the legend "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS'
EYES ONLY" to each page that contains protected material. If only a portion or portions of the
material on a page qualifies for protection, the Producing Party also must clearly identify the
protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for
each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting Party has indicated which
material it would like copied and produced. During the inspection and before the designation, all
of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants
copied and produced, the Producing Party must determine which documents, or portions thereof,
qualify for protection under this Order. Then, before producing the specified documents, the
Producing Party must affix the appropriate legend ("CONFIDENTIAL," or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected
Material. If only a portion or portions of the material on a page qualifies for protection, the
Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
markings in the margins) and must specify, for each portion, the level of protection being
asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that
the Designating Party identify on the record, before the close of the deposition, hearing, or other
proceeding, all protected testimony and specify the level of protection being asserted. A
Designating Party who states on the record before the close of a deposition that the entirety of a
witness's deposition is being designated as "CONFIDENTIAL," or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the Designating Party's

subsequent review shall have 7 days following receipt of the deposition transcript to complete

that review and, within that same 7 days, to notify each other Party in writing specifying which

portions of the transcript shall remain designated and the level of protection being asserted. In

the event the Designating Party fails to review the transcript or to notify the other Parties

regarding the designations within that 7-day period, the entire deposition transcript shall be

deemed non-confidential.

> (c) for information produced in some form other than documentary and for any
other tangible items, that the Producing Party affix in a prominent place on the exterior of the

container or containers in which the information or item is stored the legend

"CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only

a portion or portions of the information or item warrant protection, the Producing Party, to the

extent practicable, shall identify the protected portion(s) and specify the level of protection being

asserted.

5.3.     Inadvertent Failures to Designate.

If timely corrected (within 30 days of finding the error), an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a

designation, the Receiving Party must make reasonable efforts to assure that the material is

treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.     Timing of Challenges. Any Party or Non-Party may challenge a designation of

confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2.     Meet and Confer. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis

for each challenge. Counsel for the Designating Party or Non-Party shall respond in writing to

such challenge within 14 days, and shall state the ground for asserting the designation. If no

timely written response is made to the challenge, the challenged designation will be deemed to

be void. If the Designating Party or Non-Party makes a timely response to such challenge

asserting the propriety of the designation, Counsel shall then confer in good faith in an effort to

resolve the dispute.

6.3.     Judicial Intervention. If the Parties cannot resolve a challenge without court

intervention, the Designating Party shall initiate proceedings for a motion to retain

confidentiality under Local Civil Rule 37.2 within 10 days after the Parties conferred in good

faith to resolve the dispute. The original designation shall apply pending resolution of the

dispute.  The burden of persuasion in any such challenge proceeding shall be on the

Designating Party. If the Designating Party fails to initiate the proceedings, the

designation will be deemed to be void.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.     Basic Principles. A Receiving Party may use Protected Material that is disclosed or

produced by another Party or by a Non-Party in connection with this case only for prosecuting or

defending this litigation, attempting to settle this litigation, or on an appeal.  Protected Material

disclosed by another Party or by a Non-Party may not under any circumstances be used by a

Receiving Party in connection with the prosecution of any patent application, or in connection

with the licensing of any patent. In addition, Protected Material may be disclosed only to the

categories of persons and under the conditions described in this Order. When the litigation has

been terminated, a Receiving Party must comply with the provisions of section 15 below

(FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and

in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered

by the court or permitted in writing by the Designating Party, a Receiving Party may disclose

any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

information for this litigation;

(b) up to three officers, directors, and employees (including House Counsel) of

the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

signed the "Acknowledgment and Agreement to Be Bound" in a form substantially the same as

the attached Exhibit A (the "Acknowledgment");

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

reasonably necessary for this litigation and who have signed the Acknowledgment;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, and Professional Vendors to whom

[PROPOSED] STIPULATED PROTECTIVE ORDER

disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

(g) during their depositions, witnesses in the action to whom disclosure is (i) reasonably necessary, after they have signed the Acknowledgment, and for which there is no objection by the Designating Party after being provided written notice of a request for such disclosure, or (ii) ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment;

(c) the court and its personnel;

(d) court reporters and their staff;

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment;

and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN SEPARATE LEGAL ACTIONS

If a Party is served with a subpoena or a court order issued in a separate legal action that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall

---

[1]    The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE  PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party

[PROPOSED] STIPULATED PROTECTIVE ORDER

timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Acknowledgment.

11.   ORDER UNDER FED. R. EVID. 502(d) - PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

   The production of privileged or work-product protected documents, electronically  stored information ("ESI") or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state  proceeding. This Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

---

[2]   The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a

review of documents, ESI or other information (including metadata) for relevance,

responsiveness and/or segregation of privileged and/or protected information before production.

12.   FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after

appropriate notice to all interested persons, a Party may not file in the public record in this action

any Protected Material. A Party that seeks to file under seal any Protected Material must comply

with Rule 5.2 of the Federal Rules of Civil Procedure, Section 6 of the Southern District's

February 1, 2021 ECF Rules and Instructions, and Section D of the Court's February 21, 2021

Individual Rules and Procedures For Civil Cases.

13.   FINAL DISPOSITION

Within 60 days following the final disposition of this action, as defined in paragraph 4,

each Receiving Party must return all Protected Material to the Producing Party or destroy such

material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

compilations, summaries, and any other format reproducing or capturing any of the Protected

Material. Whether the Protected Material is returned or destroyed, the Receiving Party must

submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 60-day deadline confirming that the Receiving Party has not retained

any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any

of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an

archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product,

and consultant and expert work product, even if such materials contain Protected Material. Any

[PROPOSED] STIPULATED PROTECTIVE ORDER

such archival copies that contain or constitute Protected Material remain subject to this

Protective Order as set forth in Section 4 (DURATION).

     //

     //

     //


The parties are advised that the Court retains discretion as to whether to afford confidential treatment to redacted information in Orders and Opinions.

SO ORDERED

Dated:  July 26, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[PROPOSED] STIPULATED PROTECTIVE ORDER

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: July 22, 2021                    By: /s/ *Morris Cohen*

                                    Morris E. Cohen (MC-4620)
                                    Lee A. Goldberg (LG-9423)
                                    GOLDBERG COHEN LLP
                                    1350 Avenue of the America, 3rd Floor
                                    New York, New York 10019
                                    (646) 380-2087 (phone)
                                    (646) 514-2123 (fax)
                                    MCohen@goldbergeohen.com
                                    LGoldberg@goldbergcohen.com

                                    *Attorneys for Plaintiffs Sure Fit Home Products, LLC, SF Home Décor, LLC, Zahner Design Group, LTD., and Hookless Systems Of North America, Inc.,*


Dated: July 22, 2021                    By: /s/ *Ivan Posey*

                                    Douglas H. Morseburg (*admitted pro hac vice*)
                                    dmorseburg@leechtishman.com
                                    Alan G. Towner (*admitted pro hac vice*)
                                    atowner@LeechTishman.com
                                    Esther J. Choe (*admitted pro hac vice*)
                                    echoe@leechtishman.com
                                    LEECH TISHMAN FUSCALDO & LAMPL. INC.
                                    A Professional Corporation
                                    200 South Los Robles Avenue, Suite 300
                                    Pasadena, CA 91101
                                    Tel: 626.796.4000
                                    Fax: 626.795.6321

                                    Alan M. Kindred, Bar (AK-5555)
                                    akindred@leechtishman.com
                                    Ivan Posey, Bar (IP-1009)
                                    iposey@leechtishman.com
                                    John J. Jacko III, Bar (4926663 )
                                    jjacko@leechtishman.com
                                    LEECH TISHMAN FUSCALDO & LAMPL, LLC
                                    250 Park Avenue, 7th Floor
                                    New York, NY 10177
                                    Tel: (626) 796-4000
                                    Fax: (626) 795-6321

                                    *Attorneys for Defendant Maytex Mills, Inc.*

[PROPOSED] STIPULATED PROTECTIVE ORDER

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Southern District of New York

on _____ [date] in the case of *Sure Fit, etc., et al. v. Maytex Mills, Inc.,* U.S.D.C.

Case No. 1:21-cv-2169 (LGS).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order, and I understand and acknowledge that my failure to do so could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order. I

further agree to submit to the jurisdiction of the United States District Court for the Southern

District of New York for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and telephone number]

as my New York agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.

Executed on _____ at _____ [city and state].

Printed Name: _____

Signature: _____

**[PROPOSED] STIPULATED PROTECTIVE ORDER**