UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
: 
SURE FIT HOME PRODUCTS, LLC et al., :
                                       Plaintiffs, :
:     21 Civ. 2169 (LGS)
            -against- :
:     <u>ORDER</u>
MAYTEX MILLS, INC., :
                                       Defendant. :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties' July 12, 2021, joint status letter reports that the parties had served document requests and interrogatories, were in the process of producing documents, and that "the parties have been in regular contact via email to ensure that all Court ordered discovery deadlines are met" (Dkt. No. 86).

      WHEREAS the Court's Second Amended Case Management Plan and Scheduling Order, dated July 19, 2021, set a fact discovery deadline of August 11, 2021, and an expert discovery deadline of October 28, 2021 (Dkt. No. 90).

      WHEREAS, Defendant filed an August 4, 2021, letter requesting an extension of the August 11, 2021, fact discovery deadline to September 2, 2021, for the sole purpose of completing fact depositions. The letter noted that, during the parties' discussions, Plaintiff had suggested a 60-day extension, which is October 10, 2021 (Dkt. No. 95).

      WHEREAS, the Order, dated August 5, 2021, directed the parties to (1) meet and confer to determine a schedule for depositions consistent with a 30-day extension of the fact discovery deadline currently in the Second Amended Case Management Plan and Scheduling Order, (2) file a joint letter setting forth their proposed schedule and any outstanding disputes and (3) appear for a discovery conference on August 12, 2021 (Dkt. No. 96).

WHEREAS, the parties met and conferred on August 10, 2021, and have submitted their joint letter (Dkt. No. 97).  That letter raises several issues regarding deposition scheduling:

- Defendant suggests that it has insufficient time for its deposition of David Zahner, the inventor of the patent in suit, which is to occur over seven hours on two consecutive days.  The Court construes this suggestion as a request for additional time to depose Mr. Zahner.  Absent any showing by Defendant that it needs more time to depose this witness on issues germane to this matter, seven hours is an appropriate amount of time for the deposition, particularly given there is only one design patent at issue.  *See* Fed. R. Civ. P. 30(d)(1).

- Plaintiffs are scheduled to depose Defendant's president, David Baines, in his individual and representative capacities, on September 9 and 10.  Mr. Baines is the only current employee of Defendant currently scheduled for a deposition.  Plaintiffs suggest that they will need to schedule additional depositions of current employees of Defendant, whether in their representative or individual capacities, following their deposition of Mr. Baines.  Plaintiffs also note that any such follow-on depositions may overlap with religious holidays in September.  Production of additional Defendant employees based on speculation about Mr. Baines's testimony is not warranted at this point.

- The parties also note that they have been unable to contact various third-party witnesses to schedule depositions.

WHEREAS, the parties' joint letter also raises a number of disputes regarding the adequacy of each others' document productions.  These issues were not brought to the Court's attention until the joint letter was filed at 11:50 p.m. on August 10, 2021, the day before the currently-effective fact discovery cutoff.  The parties do not appear to have met and conferred in an attempt to resolve these issues until August 10, 2021, and that conference does not appear to have meaningfully addressed these issues.  Court involvement in these disputes is not warranted until after the parties have met and conferred and attempted, consistent with their discovery obligations, to resolve their conflicts in good faith.  Accordingly, it is hereby

**ORDERED** that Defendant's request for additional time for the deposition of Mr. Zahner is **denied**.  It is further

**ORDERED** that Plaintiffs' request for depositions of additional Defendant employees is **denied**.  It is further

**ORDERED** that the discovery conference scheduled for August 12, 2021, at 11:00 a.m., is **cancelled**.

A Third Case Management Plan and Scheduling Order extending the fact discovery deadline to October 4, 2021, and other discovery deadlines accordingly, will issue separately. The parties should assume there will be no further discovery extensions except to accommodate the availability of witnesses outside their control.  The parties are reminded of their discovery obligations, including to (1) comply with all discovery deadlines, (2) produce Rule 30(b)(6) witnesses capable of testifying on relevant issues, (3) work to resolve issues, or raise them with the Court, with enough time to meet all discovery deadlines and (4) per paragraph 9(c) of the Case Management Plan and Scheduling Order, to meet and confer by the revised deadline of September 20, 2021 to determine an expert disclosure schedule that will enable the completion of expert discovery by the revised deadline of November 29, 2021.   Failure to do so may result in sanctions or prejudice.

Dated:  August 11, 2021
　　　　New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**