UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SURE FIT HOME PRODUCTS, LLC, et al,         :

                                                     :        <u>ORDER</u>
                  Plaintiffs,
                                                     :        21 Civ. 2169 (LGS) (GWG)
  -v.-
                                                       :

MAYTEX MILLS INC.,
                                                       :

                  Defendant.                 :
---------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

      The Court is in receipt of the parties' joint letter seeking the resolution of several discovery disputes.  <u>See</u> Letter Motion to Compel, filed May 11, 2022 (Docket # 185) ("May 11 Ltr.").  The Court had directed the parties to include both sides' arguments as to all disputes and warned the parties that the dispute might be decided based on the parties' letter.  <u>See</u> Docket ## 133, 135; <u>see also</u> Docket ## 139, 141, 155, 167, 178, 182 (extending the due date for the joint letter).  Our rulings as to each issue raised follow.  We address only those issues where the letter is clear that the parties have completed the meet-and-confer process.

I.  <u>Plaintiffs' Motion to Compel Responses to Discovery Requests</u>

      A.  <u>Interrogatory Responses</u>

      As to plaintiffs' application regarding how they may respond to defendant's interrogatories, objections to interrogatories are expressly permitted by Fed. R. Civ. P. 33(b)(4).  Thus, plaintiffs are not barred from interposing objections to any interrogatories served by defendants.  Defendants have not supplied sufficient proof to allow the Court to find that plaintiffs entered into a binding agreement to waive any objections as to the interrogatories discussed by the parties.

      Plaintiffs ask that Maytex be ordered to respond to plaintiffs' interrogatories "without further delay."  May 11 Ltr. at 3.  Maytex responds that neither party has been served with final interrogatories.  <u>Id.</u>  Plaintiffs do not state whether they have served their interrogatories on Maytex.  The parties' letter thus fails to contain sufficient facts from which the Court could conclude that Maytex has failed to timely respond to interrogatories, and so this aspect of plaintiffs' request for relief is denied.

B. <u>Maytex's Document Request Responses</u>

Plaintiffs seek to compel Maytex to produce six categories of documents that plaintiffs have requested. May 11 Ltr. at 4. As to four of these categories of documents, identified in the parties' letter as paragraphs A, B, C, and E, Maytex states that it will produce additional documents but makes no objection to plaintiffs' requests or to their related requests for relief. See id. at 7-8. Accordingly, as to the requests identified in paragraphs A, B, C, and E, (1) all objections to production of these documents except as to privilege are overruled or deemed waived; (2) all documents responsive to each request shall be produced by June 1, 2022; (3) the production shall be accompanied by a written statement that (a) identifies by Bates numbers the documents responsive to each request and (b) provides a description of the efforts Maytex undertook to locate the responsive documents. Any privilege log with respect to responsive documents shall be provided by June 1, 2022.[1]

As to paragraph D, plaintiffs seek documents relating to shower curtain liners, arguing that "[t]hese documents are relevant to infringement and damages caused by the sale of the infringing shower curtain products." Id. at 4. As Maytex points out, however, the request for such documents is not included in the document requests identified by plaintiffs, since they are not within the definition of "Accused Products." See Plaintiffs' Second Set of Requests for Production, annexed to May 11 Ltr. as Ex. 4, at 3-4 (applicable to Requests 163-65 and 169). Thus, under the current document requests, Maytex is not obligated to produce any such documents.

As to the documents addressed in paragraph F, the parties disagree as to whether they have met and conferred on this topic. May 11 Ltr. at 6, 8. The parties are directed to meet and confer regarding paragraph F immediately. Any new dispute may be brought to the Court's attention in accordance with paragraph 2.A of the Court's Individual Practices.

II. <u>Maytex's Advice of Counsel Defense</u>

Plaintiffs argue that Maytex should be precluded from raising an advice of counsel defense because Maytex did not comply with Local Patent Rule 10, which requires a party invoking an opinion of counsel defense to "produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production," no later than 30 days after a court issues an order on claim construction. See May 11 Ltr. at 8-9. Maytex states that it first made the attorney opinion at issue available to plaintiffs on July 27, 2021, and plaintiffs do not appear to contest this point. See id. The order on claim construction was issued on October

---

[1] As to Maytex's assertion that one document cannot be produced without the permission of a third party, May 11 Ltr. at 8, Maytex provides no proof or further explanation of this claim. Accordingly, the Court cannot relieve Maytex of its obligation to produce this document. If Maytex seeks to maintain that it is not obligated to produce the document, it is directed to file a motion compliant with Local Civil Rule 7.1(a) on or before May 27, 2022, seeking a protective order permitting it to withhold that document from production. In the absence of the filing of such a motion, the document must be produced.

2

14, 2021.  See Opinion & Order, filed Oct. 14, 2021 (Docket # 118).  Maytex continued to produce documents relating to the attorney opinion between January and March 2022, which was well after the 30 day deadline.  See May 11 Ltr. at 8-9.  While plaintiffs seek preclusion of the advice-of-counsel defense, they cite no rule that would permit preclusion.  Nor do they cite any case law in support of this request.

"The Local Patent Rules for the Southern and Eastern Districts [of New York] are intended to streamline and standardize the administration of patent cases."  Holotouch, Inc. v. Microsoft Corp., 2018 WL 2290701, at *3 (S.D.N.Y. May 18, 2018).  However, "whatever the Local Patent Rules require by default, they grant the Court discretion to 'modify the obligations . . . set forth in the[] Local Patent Rules based on the circumstances of any particular case.'"  Times Three Clothier, LLC v. Spanx, Inc., 2014 WL 4100617, at *3 (S.D.N.Y. Aug. 20, 2014) (quoting Local Patent R. 1).  Courts considering motions for sanctions based on violations of local patent rules have required a showing of prejudice before imposing a severe sanction such as preclusion.  See, e.g., Simo Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd., 354 F. Supp. 3d 508, 510 (S.D.N.Y. 2019) (declining to preclude testimony based on untimely compliance with local patent rules, as "the prejudice here is slight"); Sightsound Techs., LLC v. Apple, Inc., 2012 WL 12896175, at *4 (W.D. Pa. Nov. 19, 2012) ("[Defendant] has not been prejudiced [by violation of Local Patent Rule 4.2] to such an extent that warrants exclusion of the intrinsic evidence.").  Plaintiffs do not clearly identify the specific prejudice they suffered as a result of Maytex's delayed compliance with Local Patent Rule 10.  By the time plaintiffs got the documents, more than three months remained in the discovery period, which does not close until June 28, 2022.  Plaintiffs have not explained why this would not have been sufficient time to conduct any advice-of-counsel discovery.  Moreover, the Court would be amenable to extending the discovery deadline if plaintiffs are able to show good cause.  Accordingly, the request for sanctions is denied.

III.  Maytex's Motion to Compel re: Fifth Set of Requests for Production

Maytex argues that plaintiffs' objections to Maytex's fifth set of requests for production include objections that are phrased without specificity, and which do not indicate whether documents have been or will be withheld on the basis of the objection.  See May 11 Ltr. at 10-11.  Fed. R. Civ. P. 34(b)(2) requires that the grounds for objecting to a discovery request be "state[d] with specificity," and that an objection "state whether any responsive materials are being withheld on the basis of that objection."  Having reviewed plaintiffs' responses to the fifth set of requests for production, see Plaintiffs' Objections and Responses to Maytex's Fifth Set of Document Requests, annexed as Ex. 9 to May 11 Ltr., we agree that plaintiffs' objections do not convey whether otherwise responsive documents have actually been withheld on the basis of each of the identified objections.  Moreover, plaintiffs have made no attempt to justify their objections.

Accordingly, (1) all objections to production of these documents except as to privilege are overruled or deemed waived; (2) all documents responsive to each request shall be produced by June 1, 2022; (3) the production shall be accompanied by a written statement that (a) identifies by Bates numbers the documents responsive to each request and (b) provides a

description of the efforts plaintiffs undertook to locate the responsive documents. Any privilege log with respect to responsive documents shall be provided by June 1, 2022.

IV. <u>Maytex's Motion for an Order Determining the Scope of the Attorney-Client Privilege</u>

Maytex requests a ruling that clarifies "the scope" of attorney-client privilege with regard to certain questions that Maytex intends to ask at depositions (and in relation to proposed interrogatories). <u>See</u> May 11 Ltr. at 12-16. While the Court might be inclined to give an advisory ruling, the parties' letter simply does not supply sufficient information about the expected context for invocation of privilege to permit any such ruling. Certainly, a party may be required to reveal relevant non-privileged factual information that it has learned from the party's agent, including an attorney. Information provided by an attorney to a client may not be privileged if it was not tied to an effort to seek or give legal advice. On the other hand, if the factual information was provided as part of an effort by the witness to obtain legal advice, and the information was imparted with the intent that it be kept confidential, the result may be different. It is simply unclear whether the facts that Maytex seeks to elicit from a witness were tied to the attorney's effort to provide legal advice to the witness.

Accordingly, the application for relief is denied. Certainly, the parties are free to seek Court relief following any deposition where privilege is invoked (or with respect to specific interrogatory answers).

V. <u>Maytex's Application for an Order that Exhibits 88, 89, and 90 are Not Privileged</u>

This application will be addressed in a Memorandum Opinion that will be filed separately.

SO ORDERED.

Dated: May 20, 2022
       New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

4