UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SURE FIT HOME PRODUCTS, LLC, et al,      :

                                         :     MEMORANDUM OPINION
                  Plaintiffs,
                                         :     21 Civ. 2169 (LGS) (GWG)
     -v.-
                                         :
MAYTEX MILLS INC.
                                         :

                  Defendants.            :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

      Before the Court is an application by Maytex Mills Inc. for an order directing that certain documents produced by plaintiffs are not within the attorney-client privilege or work product protection. See Letter Motion to Compel, filed May 11, 2022 (Docket # 185) ("May 11 Ltr."), at 16-21. As an alternative, Maytex asks the Court to find that any claim to privilege was waived. Id. at 21-23. Because we conclude that plaintiffs waived any claim to privilege over these documents — identified as Exhibits 88, 89, and 90 — we need not reach the question of whether the exhibits would otherwise enjoy work product protection or be subject to attorney-client privilege.

      Although Maytex is the party making the application as to privilege, the party who invokes the privilege (here, plaintiffs) "bears the burden of establishing its essential elements." United States v. Mejia, 655 F.3d 126, 132 (2d Cir. 2011); see In re Grand Jury Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 384 (2d Cir. 2003) (burden is on party claiming work product protection). "The party invoking the privilege also has the burden to show that the privilege has not been waived." Wultz v. Bank of China Ltd., 304 F.R.D. 384, 391 (S.D.N.Y. 2015).

      The documents at issue were subject to a protective order that allowed either side to "claw back" documents produced inadvertently. See Joint Stipulated Protective Order, filed July 26, 2021 (Docket # 92), ¶ 11. Fed. R. Evid. 502(b) provides:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure [of material protected by attorney-client privilege or the work product doctrine] does not operate as a waiver in a federal or state proceeding if:
>     (1) the disclosure is inadvertent;
>     (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and

>(3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

In this district, some courts apply "the multi-factor [Lois Sportswear, U.S.A., Inc. v. Levi Strauss & Co., 104 F.R.D. 103 (S.D.N.Y.1985),] test to determine whether the alleged inadvertent disclosure should result in waiver." BNP Paribas Mortg. Corp. v. Bank of Am., N.A., 2013 WL 2322678, at *5 (S.D.N.Y. May 21, 2013). These factors "include (1) the reasonableness of the precautions to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) an overreaching issue of fairness." Id. (punctuation omitted) (quoting Lois Sportswear, 104 F.R.D. at 105). This approach has been applied even after the adoption of Fed. R. Evid. 502(b). See United States v. Ray, 2022 WL 842254, at *3 n.6 (S.D.N.Y. Mar. 20, 2022); accord BNP Paribas, 2013 WL 2322678, at *10.

The parties agree, however, that the fact that a protective order governs discovery in this matter alters the waiver analysis. See May 11 Ltr. at 21, 24-25. "[C]ourts have held that where parties execute such an order, waiver is appropriate only if production of the privileged material was 'completely reckless.'" HSH Nordbank AG New York Branch v. Swerdlow, 259 F.R.D. 64, 75 (S.D.N.Y. 2009) (quoting U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 2000 WL 744369, at *4 (S.D.N.Y. June 8, 2000)); accord United States v. Wells Fargo Bank, N.A., 2015 WL 5051679, at *2 (S.D.N.Y. Aug. 26, 2015). "For a production to be 'completely reckless,' the producing party must have shown no regard for preserving the confidentiality of the privileged documents." Prescient Partners, L.P. v. Fieldcrest Cannon, Inc., 1997 WL 736726, at *4 (S.D.N.Y. Nov. 26, 1997).

Although the "completely reckless" standard establishes a high bar for finding waiver of privilege through inadvertent disclosure in a matter governed by a protective order, we conclude that this standard has been met by plaintiffs' conduct. Plaintiffs' "completely reckless" handling of the purportedly privileged exhibits began with plaintiffs turning over all three documents to its adversaries in a separate patent litigation, Focus Products Group International, LLC et al. v. Kartri Sales Company, Inc., 15 Civ. 10154, filed Dec. 30, 2015, in August 2018. See May 11 Ltr. at 17. On May 21, 2019, the Kartri defendants used the three documents as a combined exhibit to a reply brief in support of their motion for summary judgment. See id. at 17-18; Reply Brief in Support of Defendants' Motion for Summary Judgment, annexed as Ex. 16 to May 11 Ltr., at iv. Plaintiffs never objected to the use of the documents.

On April 15, 2021, the defendants in the Kartri matter designated the documents comprising Exhibits 88, 89, and 90 as their Trial Exhibit No. 129. See Plaintiffs' Objections to Defendants' Exhibits List, annexed as Ex. 17 to May 11 Ltr., at 9. As part of the designation process, plaintiffs stated their objections to the admission of these documents. Id. Although plaintiffs raised seven separate objections to the admission of the documents, plaintiffs asserted neither attorney-client privilege nor work product protection. See id. The three documents remain a designated exhibit to this day, more than year later.[1]

---

[1] Plaintiffs assert that the exhibits were "withdrawn" on April 25, 2022, see May 11 Ltr. at 23, but nothing in the Kartri record reflects any such application to the judge in Kartri on that date.

At about this time — that is, "in mid-2021" — plaintiffs produced Exhibits 88, 89, and 90 to Maytex in this matter. See May 11 Ltr. at 16. On March 11, 2022, Maytex served plaintiffs with its First Set of Requests for Admissions, which included requests to confirm the authenticity of Exhibits 88, 89, and 90. See id.; Plaintiffs' Responses to Maytex's First Set of Requests for Admissions, annexed as Ex. 15 to May 11 Ltr. On April 11, 2022, plaintiffs responded to the requests for admissions, asserting privilege only over Exhibit 89. See May 11 Ltr. at 17; Plaintiffs' Responses to Maytex's First Set of Requests for Admissions. During an April 25, 2022 meet and confer, plaintiffs asserted, for the first time, that all three exhibits were protected, and sought to claw back the documents. May 11 Ltr. at 17-18. Plaintiffs state that they have also attempted to claw back Exhibits 88, 89, and 90 in the Kartri matter, see id. at 23, but plaintiffs point to no application made to the court in that case asserting any claim of privilege.

The fact that plaintiffs have produced Exhibits 88, 89, and 90 to their adversaries in two separate matters — and did so in circumstances that later drew the specific attention of plaintiffs to the existence of these documents without their taking corrective action — reflects the highest degree of carelessness in handling purportedly privileged material. Courts have held that a party's failure to object to an adversary's use of a privileged document, such as during a deposition, is sufficient to constitute waiver, even where a protective order applies. See Wells Fargo, 2015 WL 5051679, at *4; accord Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP, 2010 WL 275083, at *4-5 (S.D. Cal. Jan. 13, 2010) ("under both state and federal law, if a privileged document is used at a deposition, and the privilege holder fails to object immediately, the privilege is waived" (citing cases)). Although here the adversary's use of the documents was as an exhibit in support of a summary judgment motion and as a proposed trial exhibit rather than at a deposition, the recklessness in failing to timely assert a privilege is comparable.

The plaintiffs' reckless conduct is heightened by the fact that plaintiffs necessarily had to carefully review the documents more than three years ago when they were relied on in support of the summary judgment motion in Kartri, which put them on unmistakable notice that the documents had been disclosed to the other side. Rather than taking any action, however, plaintiffs did nothing to object to the use of the documents in the Kartri matter and then again produced the exhibits to Maytex two years later. Even the designation of the documents as a trial exhibit in the Kartri matter, which once again required plaintiffs to conduct a thorough review of the documents, did not prod plaintiffs to claim privilege. This course of conduct, spanning several years, two disclosures, and multiple clear opportunities to claim the privilege, evidences "a total disregard for the confidentiality of any of the documents." U.S. Commodity Futures Trading Comm'n v. Parnon Energy Inc., 2014 WL 2116147, at *5 (S.D.N.Y. May 14, 2014).

For the foregoing reasons, plaintiffs have waived any claim to privilege or work product protection for Exhibits 88, 89, and 90

SO ORDERED.

Dated: May 20, 2022
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge