

May 10, 2022

Douglas H. Morseburg<br>Email:dmorseburg@leechtishman.com<br>Direct dial: 626.356.1217

**Via ECF**

The Honorable Gabriel W. Gorenstein
Daniel Patrick Moynihan
U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

MEMORANDUM ENDORSED

Re:    *Sure Fit, etc. et al. v. Maytex Mills, Inc.,* **Civil Action No. 1:21-cv-02169 (S.D.N.Y.)**

Dear Judge Gorenstein:

    This office represents Defendant Maytex Mills, Inc. ("Maytex") in the above matter.

    Pursuant to Section 2.E. of your Honor's Individual Practices ("Individual Practices"), I am writing to seek approval for Maytex to file three documents under seal. The three documents are identified as Exhibits 88, 89 and 90 to Maytex's First Set of Requests For Admission to Plaintiffs Sure Fit Home Products, LLC and SF Home Décor, LLC.  Redacted versions of the documents proposed to be filed under seal are being filed contemporaneously with this letter motion and courtesy copies of unredacted versions of the proposed documents are being delivered to your Honor's chambers.

    Maytex seeks approval to file Exhibits 88-90 under seal because: (i) Plaintiffs' counsel, Morris Cohen, contended during the parties' meet and confer regarding discovery issues on April 25, 2022 that these three documents are protected by the attorney-client privilege and the work-product doctrine, that they had been produced inadvertently and that he was clawing them back; and, in addition, (ii) Plaintiffs have designated Exhibits 88-90 as "Confidential – Attorneys' Eyes Only" ("AEO").

    Maytex vigorously contests the notion that Exhibits 88-90 are privileged or that they are work product. In fact, contemporaneously with the filing of this letter motion, the parties are filing a joint letter regarding various discovery disputes and, as part of that motion, Maytex is seeking a determination that Exhibits 88-90 are not privileged.

    This request arises because the Plaintiffs' designations. Thus, Plaintiffs were obligated to make this application to seal and to justify the sealing. *See* Individual Practices, Section 2.E. However, they refused to do so.

    In this circuit, there is a long-established presumption in favor of public access to judicial documents.  However, certain sensitive information, including information subject to the attorney-client privilege can overcome this presumption. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 125-126 (2d Cir. 2006).  Therefore, in view of Plaintiffs' assertions that these documents are AEO and subject to the work product doctrine and the attorney-client privilege, they should be filed under seal so that the Court can make the necessary determination as to Plaintiffs' assertions.

Hon. Gabriel W. Gorenstein
May 10, 2022
Page 2

Maytex thanks the Court in advance for its attention to this matter.

Respectfully submitted,

*/s/Douglas H. Morseburg*
Douglas H. Morseburg (Admitted Pro Hac Vice)

In light of the Court's ruling (Docket # 189), the motion to seal these documents is denied.

So Ordered.

GABRIEL W. GORENSTEIN
United States Magistrate Judge
June 8, 2022