

February 22, 2023

Douglas H. Morseburg
Email:dmorseburg@leechtishman.com
Direct dial: 626.356.1217

The Honorable Lorna G. Schofield
U.S. District Judge
U.S. Courthouse
40 Foley Square
New York, New York 10001

Re: *Sure Fit, etc. et al. v. Maytex Mills, Inc.,* Civil Action No. 1:21-cv-02169-LGS

Dear Judge Schofield:

This office represents Defendant Maytex Mills, Inc. ("Maytex") in the above matter. Maytex responds as follows to Plaintiffs' pre-motion letter dated February 15, 2003. *See* Dkt. 221.

**The Kartri Action:** The fact that certain of the Plaintiffs in this case prevailed in an action styled *Focus Products etc., et al. v. Kartri Sales, etc., et al.*, 1:15-cv-10154 (the "*Kartri Action*") is irrelevant. Maytex was not a party to the *Kartri Action* and the rulings in that case have no effect on this case. Moreover, the case is on appeal.

**Plaintiffs' Request for A Settlement Conference:** Plaintiffs request a referral to Magistrate Judge Gorenstein. *See* Dkt. 221, Page 3. The Court has directed Maytex to indicate whether it joins in Plaintiffs' request. *See* Dkt. 223. With all due respect to Plaintiffs, the Court referred this matter to Magistrate Judge Gorenstein for settlement more than 18 months ago. *See* Dkt. 52 (Order dated May 20, 2021). On June 3, 2021, Magistrate Judge Gorenstein directed the parties to jointly advise the Court when they were prepared to proceed with a settlement conference. *See* Dkt. 59 (June 3, 2021 endorsement to parties' joint letter). Maytex questions the Plaintiffs' motivation in seeking a settlement conference after all this time. Nonetheless, to conserve the Court's and the parties' resources, Maytex is amenable to a conference before Magistrate Judge Gorenstein.

**Plaintiffs' Anticipated Motions for Summary Judgment:**

Patent Infringement: As Plaintiffs note, there are two design patents-in-suit, the D091 and the D607. Plaintiffs purport to request summary judgment of infringement on both. *See* Dkt. 221, Page 1. Pursuant to Section III.A.1 of this Court's Individual Rules, Plaintiffs were required to "identify all of the issues in dispute and explain the legal and other grounds for [their proposed] motion", which they did not do. This leaves both the Court and Maytex in the dark as to most of Plaintiffs' contentions. Assuming Plaintiffs' proposed motion on the issue of infringement is based upon the fact that Plaintiffs hired an expert to opine on the infringement issue and that Maytex did not, Maytex notes that the "technology" at issue here is not complicated, the "designs" in the two patents are simple circles and lines and they are easily understood by persons unskilled in any art. In addition, this Court has already found that the design claimed in the D091 Patent and Maytex's accused design are plainly dissimilar. This Court is not required to ignore what it can observe with its own eyes merely because Plaintiffs have found someone willing to say that an ordinary observer familiar with the prior art would purchase a Maytex product thinking it was the design claimed in

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 South Los Robles Avenue  |  Suite 300  |  Pasadena, CA 91101  |  T: 626.796.4000   F: 626.795.6321

LEECHTISHMAN.COM

the D091 Patent. *See Wing Shing Prods. (BVI) Co. v. Sunbeam Prods.,* 665 F.Supp.2d 357, 368 (S.D.N.Y. 2009) ("[t]he mere existence of an expert affidavit does not foreclose summary judgment in an appropriate case") (citing *Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665, 681-82 (Fed. Cir. 2008) (en banc) (affirming summary judgment over opposing expert affidavit)). As for the D607 Patent, there are significant, noticeable differences between the design claimed in the D607 Patent and the accused design and no amount of opining by Plaintiffs' expert can erase them. In sum, there is simply no basis for a motion for summary judgment of infringement in Plaintiffs' favor on either of the patents-in-suit.

<u>Patent Validity</u>: Plaintiffs' position regarding summary judgment on the issue of the validity of the D091 and D607 Patents is meritless. First, they assert that Maytex cannot prevail on the invalidity issue because it did not submit any expert reports. However, invalidity based on obviousness under Section 103 is a question of law based on underlying facts, *KSR Int'l Co. v. Teleflex, Inc.,* 550 U.S. 398 (2007), and the Court may decide the legal issue of validity unaided by an expert opinion. *See, e.g., Moleculon Research Corp. v. CBS, Inc.*, 793 F.2d 1261, 1270 (Fed. Cir. 1986) (argument expert testimony is required "borders on the frivolous"), cert. denied, 479 U.S. 1030 (1987). This is especially appropriate in this case, where the patented subject matter is easily understood. Second, Plaintiffs' assertion that the GB 667 Patent and the Cheng 597 Patent cannot serve as prior art is supported by nothing more than Plaintiffs' own say-so. In addition, Plaintiffs never disclosed the basis for excluding those references during discovery.

Citing to their reply brief in support of their second motion for preliminary injunction, Plaintiffs next contend that Maytex' obviousness-type double patenting ("OTDP") defense is contrary to an express statute. In their brief, Dkt. 172, Pages 6-7, Plaintiffs questioned whether an earlier design patent (such as the D091) can invalidate a later design patent (such as the D067). It can. *See Adidas Fabrique etc. v. Andmore Sportswear Corp.,* 578 F. Supp. 1568 (S.D.N.Y. 1984); *Application of Bigelow,* 194 F.2d 550, 551 (C.C.P.A. 1952) (citing *In re La Montagne,* 55 F.2d 486 (C.C.P.A. 1932)). They also contended that during prosecution of the 248 Patent, any OTDP issue was resolved when the PTO issued a "restriction requirement" dividing the figures in the application into multiple "species", with Figure 6 (corresponding to the D091 Patent) under Species I and Figure 28 under Species IX. This, they say, brought the 248 Patent application within the safe-harbor provision of 35 U.S.C. § 121. However, during the prosecution of the D607 Patent, Plaintiffs' attorney changed Figure 28 by removing most of the features of the original design, leaving only circular rings with vertical slits or lines at the top edge of the curtain. In doing this, Plaintiffs' attorney amended the claim of the D607 Patent and made it look almost identical to the claim of the D091 Patent. This manipulation of the figures during prosecution of the D607 Patent created OTDP over the D091 Patent. The D607 Patent is, thus, invalid.

Plaintiffs also contend that Maytex' prosecution laches defense fails because Maytex has not provided evidence of "prejudice" arising from the Plaintiffs' delay in seeking protection for the design claimed in the D607 Patent. However, given the more than 20-year delay between the time Plaintiffs could have sought protection for the D607 design and the time they actually sought protection, the burden is on Plaintiffs to show that prosecution laches does not apply. *See, e.g., Hyatt v. Hirschfeld,* 998 F.3d 1347, 1369-70 (Fed. Cir. 2021) (delay of more than six years gives rise to a presumption of laches and shifts burden of proof to patentee) (citing *Wanlass v. Gen. Elec. Co.,* 148 F.3d 1334, 1337 (Fed. Cir. 1998)). Even if it were Maytex' burden to show prejudice, that burden is met by a showing that Maytex invested in, worked on, or used, the claimed technology during the period of the patentee's delay. *Hyatt,* at 1362. That evidence is already of record in the Baines declaration submitted in opposition to Plaintiffs' first motion for preliminary injunction. *See* Dkt. 34-1, Pages 7-12. Therefore, if summary judgment is appropriate on the prosecution laches issue, it should be entered in favor of Maytex.

  <u>Functionality of the Plaintiffs' Alleged Trade Dress</u>: The Supreme Court has stated that "[a] utility patent is strong evidence that the features therein claimed are functional. If trade dress protection is sought for those features the strong evidence of functionality based on the previous patent adds great weight to the statutory presumption that [those] features are deemed functional until proved otherwise by the party seeking trade dress protection." *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29-30 (2001). As Plaintiffs concede, this Court has already found that the key features of their alleged trade dress "are likely dictated by functional, utilitarian aspects of Plaintiffs' products, and are thus ineligible for [trade dress] protection." Dkt. 54, at Page 9. Nonetheless, they appear to contend that they are entitled to summary judgment on the functionality issue merely because there are alleged alternatives to Plaintiffs' trade dress.

  Plaintiffs' purported belief that they are entitled to summary judgment on the functionality issue due to "the availability of alternative designs" is predicated upon the notion that their alleged trade dress is not functional if third parties don't need to use it to compete effectively. But that is not the test for functionality. As the Supreme Court has held, in a trade dress analysis, a feature is functional "when it is essential to the use or purpose of the device *or when it affects the cost or quality of the device.*" *Traffix Devices*, 532 U.S. at 33 (citing *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 850 (1982)) (emphasis added). A feature "affects cost or quality" when it "permits the article to be manufactured at a lower cost *or constitutes an improvement in the operation of the goods.*" *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holding, Inc.,* 696 F.3d 206, 219 (2d Cir. 2012) (emphasis added).

  As this Court has already noted, the specifications of both the 232 Patent and the 248 Patent repeatedly tout the advantages and the efficiencies of Plaintiffs' claimed ring-and-slit design. *See* Dkt 54, Pages 14-16. Thus, the ring-and-hook design "affect[s] . . . the quality" of shower curtains and it is, by definition, functional under the *Inwood* formulation. As such, the availability of alternative designs is irrelevant. *See Traffix Devices,* 532 U.S. at 33-34. Thus, summary judgment on Plaintiffs' trade dress claim should be entered in favor of Maytex and against Plaintiffs.

  <u>The Parties' Affirmative Defenses and Counterclaims</u>: Plaintiffs contend that summary judgment is warranted on "most, if not all" of Maytex's counterclaims and affirmative defenses because it produced no contentions or supporting evidence. Without a specification as to which counterclaims and defenses Plaintiffs are referring, Maytex is unable to respond in detail. In addition, while Plaintiffs make much of the fact that Maytex pleaded 19 affirmative defenses and eleven counterclaims, Plaintiffs themselves have pleaded 32 affirmative defenses and five claims.[1] Many of their defenses are not legally cognizable. *See* Dkt. 176, Pages 10-14. In advance of the February 15, 2023 due date for the parties' respective pre-motion conference letters, counsel for Maytex offered to meet and confer with counsel for Plaintiffs to discuss whether there were claims and/or defenses which the parties might agree could be dismissed. However, the offer was declined.

  **<u>Anticipated Motions to Preclude</u>**: With respect to the issue of discovery abuse and the withholding of relevant information, Plaintiffs throughout the litigation refused to make certain individuals and 30(b)(6) witnesses available for deposition and refused to provide even the most basic information regarding their claims and defenses, including information regarding how and when (or even if) they acquired the intellectual property upon which their claims are based. Maytex is entirely willing to discuss with the Court the issue of preclusion of withheld information and the testimony of witnesses. However, it believes that those issues are best reserved until closer to trial in the event the case is not resolved before then.

---

[1] Although the Amended Complaint has only four counts, one of them contains two claims.

Maytex thanks the Court in advance for its attention to this matter.

                                          Respectfully submitted,
                                        */s/Douglas H. Morseburg*
                                        Douglas H. Morseburg (Admitted Pro Hac Vice)